F. W. WEBB MFG. CO. v. J. L. MOTT IRONWORKS et al.

(Circuit Court, D. Massachusetts. April 29, 1905.)

No. 1,947.

PATENTS—INFRINGEMENT—WATER-CLOSETS.

The Chadbourne patent, No. 461,734, for an improved construction of the bowl and seat in water-closets, is valid and entitled to a liberal construction. Claim 1 also construed, and *held* infringed.

In Equity.

William A. Macleod, for complainant.

W. P. Preble, Jr., for defendants.

HALE, District Judge. In this bill in equity the complainant charges infringement of letters patent of the United States No. 461,734, dated October 20, 1891, granted to Anne Gurley Chadbourne, for an improvement in water-closets. Claim 1 of the patent, alleged to be infringed, is as follows:

"(1) In water and other like closets or articles, the combination, with the seat thereof, having its main opening extended to form a cut-away portion or opening extending through the front part of the seat, of the bowl constructed to also form a front passage, and to stop or close the forward part of the front cut-away portion or opening in the seat when the seat is closed, substantially as and for the purposes herein set forth."

In the specification the patentee says that the invention consists in a novel construction of the bowl and the seat, and that the object of the invention is to prevent contact of the body with the front portion of the seat and bowl—especially with the front part of the seat; that it is also to avoid constant care; and that it is to exclude escaping odors. From the drawings it appears that the specification and claims were drawn with reference to a closet boxed in, and not of modern construction. Under the claim the features of construction are a seat of usual construction and material, except that the main opening is extended through the front part of the seat; the seat being U-shaped or horse-shoe shaped. The bowl is constructed to form a front passage below the above-described opening in the seat. The front part of the wall of the bowl is made with an upwardly projecting portion, which extends across the gap at the front of the seat, and completely fills the space between the two front ends of the seat; coming substantially to the level of the top of the seat. The complainant gives three important reasons for this construction: First. Danger of contagion is prevented; such danger being due to the contact of the person with the

seat, and the front portion of the bowl being composed of porcelain or other nonabsorbent material, which is readily kept clean. Second. The upwardly raised projection at the extreme front of the bowl fills the space between the ends of the seat, and prevents the projection of matter in a substantially horizontal line over the front top of the hopper. This result is accomplished by the patentee without leaving any crevice or capillary space between the seat and the hopper. Third. A tight closure is formed when the invention is embodied in the oldfashioned closet or box construction.

The inventive thought of the patentee seems to have been a combination, with a seat having a cut-away portion extending clear through the front portion, of a hopper extended forward, and having a projection thereon co-operating with the cut-away portion of the seat, and closing it.

The defense presented with much force and ability by the defendants is that, if the patent is valid at all, it is so limited in its scope by the prior art as not to include the defendants' device. The argument in respect to the limitation of the scope of the claim is founded in some measure upon examination of the file wrapper at the Patent Office. It appears that in the original draft of the claim the words "or opening extending" were not in the claim. The clause containing those words read, "with the seat thereof having its main opening extended to form a cut-away portion through the front part of the seat." It is urged that these words were inserted by the direction of the Patent Office, the claim having been rejected before their insertion, by reason of the Smith patent of 1882; the drawing of that patent showing that its invention consisted in an opening in the seat extended forward, but not entirely through the front part of the seat. An examination of the drawing of the Smith patent makes it clear that this opening did not extend through the front part of the seat, but only well forward into the seat, leaving the front portion of it intact. By inserting the words "or opening extending," the Chadbourne patent was prevented from possible interference with the Smith patent, as by these words the meaning was made clear that the opening must be cut away, and must extend through the front part of the seat.

The argument based by the defendants upon this is that a horseshoe seat, with the opening merely cut away through the front, and with no forward extension of the bowl, does not come within the claim of this patent. The prior art is invoked to show that the seat, with the front cut away to form a crescent-shaped seat, is old; that the researches at Rome and Pompeii show just such seats; and that other examples are found in certain British patents and in American patents. The prior art with reference to bowls has been fully examined and brought to the attention of the court. Many seats are found in the prior art which show bowls or hoppers of various shapes, with elongated fronts to prevent the projection of matter over the front. These are found in combination with seats, for the evident purpose of preventing contamination. Bowls

are produced which show a rib or projection formed upon the upper edge of the bowl. A bedpan is found in the Gilbert patent which presents a clear instance of a bowl extended forward, and of a seat cut away to prevent contamination; the forward extension of the bowl being apparently for a similar purpose to that of the Chadbourne patent. While this device shows the opening extending through the front part of the seat, it does not show a bowl in co-operation therewith, provided with a projection integral with the bowl, which fills the cut-away space in the seat. We find in the prior art no bowl with a raised lip in front, in combination with a seat having its main opening extended to form a cut-away portion or opening extending through its front part.

The device of the defendants is a closet made with open plumbing, in which all woodwork and casings are eliminated. It has the cut-away seat, and the projection on the hopper filling the opening in the seat. The device has the main opening extended through the seat at the front. The bowl is not elongated so far forward as the bowl of the patent in suit, but it is formed with a rib or lip in front to close the cut-away portion of the seat. It seems to the court to present the distinguishing characteristics of the construction forming the subject of the Chadbourne patent. It has the seat with the main portion extended or cut away through the front part. It has the bowl, which in the main part of its upper margin stands beneath the seat, having an upwardly projecting portion at the front, which spans the opening in the seat, and rises substantially to the level of the upper portion of the seat. The fact that this bowl does not extend forward so far relatively as the bowl of the Chadbourne patent does not, in our opinion, relieve the defendants' device from being an offending device. The bowl does have some forward extension, and it distinctly presents the seat having its main opening extending through it at the front, combined with the bowl having a raised lip in front, filling the whole cut-away space in the seat.

The inventive thought of the patentee in the patent in suit was, as we have said, the combination of a seat having the front portion completely cut away and projecting forward, with a bowl in co-operation with the seat, extending forward, and provided with a projection which fills the whole cut-away space in the seat. We think the device of the defendants is an infringement upon this inventive idea of the patent in suit. We do not think that the Chadbourne patent should be limited to any particular form of seat or to any particular form of bowl, so long as the main opening extends forward through the front part of the seat and is combined with a bowl having some forward extension, and constructed with a lip to form a front passage, which closes the forward part of the cut-away portion of the seat. Although the defendants' device does not have the forward portion of the bowl and seat extended so far relatively as is shown in the patent in suit, we think it is structurally within the inventive idea of that patent. We think that the patent is not limited in its scope by the prior art. We

must decide that the invention in the mind of the patentee includes the device of the defendants. The court is of the opinion that the patent in suit is valid, and that it is infringed by the device of the defendants.

Decree to be entered for the complainant, for an injunction and an accounting.